Opinion issued August 25, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00914-CV

———————————

Robert Nolan Allen d/b/a Fetzer Howard Sign Company, Appellant

V.

City of
Baytown, Debbie Sherman and Kevin Byal, Appellees



 



 

On Appeal from the County Civil Court at Law No. 4

Harris County, Texas



Trial Court Case No. 943,676

 



 

MEMORANDUM
OPINION

          Appellant, Robert Nolan
Allen, doing business as “Fetzer Howard Sign Company,” challenges the trial
court’s rendition of summary judgment against him in his lawsuit against
appellee, the City of Baytown (“the City”).[1]  In two issues, Allen contends that the trial
court erred in granting summary judgment in favor of the City on the grounds of
lack of subject matter jurisdiction, due to Allen’s failure to exhaust
administrative remedies against the City, and that Allen did not assert a valid
regulatory-takings claim[2]
against the City. 

          We affirm in part and reverse and
remand in part.

Background

          In his original petition, Allen
alleges that he owned and maintained three off-premises
billboard signs in the City and, in September 2008, Hurricane Ike damaged the
creosote poles upon which the signs were placed.  Allen removed the signs from the broken
poles, removed the broken poles, and placed “new poles in the ground with the
intention of putting up the signs again.” 
However, before he could replace the signs, Debbie Sherman, the City’s
sign inspector, notified Allen that the poles had to be removed and the signs
could not be re-erected or rebuilt pursuant to the City’s sign ordinance.[3]  Allen, on October 8, 2008, filed “applications with the City for permits to
‘reconstruct’ or place three new signs” at the locations of the three damaged
signs.  However, on October 23, 2008, the
City’s Chief Building Official denied Allen’s permit applications “because the
City’s regulations prohibit the reconstruction or replacement of off-premises
billboards that have been destroyed, damaged, or taken down.”  

Pursuant to the City’s ordinance, Allen filed an appeal from the denial
of his permit applications, but the City Clerk did not receive Allen’s notices
of appeal until November 20, 2008, two weeks after the deadline to file such an
appeal.[4]   On January 7, 2009, the City’s Sign
Committee conducted a public hearing to consider Allen’s appeal.  The City argued that the committee lacked jurisdiction
to consider the appeal because it was untimely filed, and the committee then
denied Allen’s appeal because a majority of the members present did not vote to
proceed.  

After initially filing suit against the City in district court on
February 5, 2009, Allen, on July 13, 2009, nonsuited the case.  The next day, Allen filed against the City in
the Harris County Court at Law the instant suit, alleging an unconstitutional
taking of his property and seeking a declaratory judgment.  He alleges that he has lost the signs and the
resulting business income.   Allen
further alleges that the lands upon which his three signs were erected are
burdened with perpetual easements that cannot be rescinded, and, thus, the lands
are now damaged and essentially worthless in value.  He asserts that a regulatory taking of his
property has occurred in that the regulations imposed by the City have denied
him the economically viable use of his property and unreasonably interfered with
his right to use and enjoy his property. 


In its answer, the City generally denied Allen’s claim.  It then filed a plea to the jurisdiction,
arguing that the trial court lacked subject matter jurisdiction over the suit
because Allen “failed to exhaust his administrative remedies by filing a timely
appeal of the City building official’s denial of his applications for permits
to reconstruct the three signs that were destroyed by Hurricane Ike.”  The City subsequently filed a
summary-judgment motion, arguing for “a dismissal of Allen’s suit for want of
jurisdiction” because he had not timely filed suit in a district court within
twenty days after the City’s Sign Committee had denied his appeal of the denial
of his permit applications.[5]  And the City otherwise asserted that Allen
had failed to exhaust his administrative remedies.  In a footnote, the City alternatively argued
that it had taken nothing from Allen because “his property was taken by
Hurricane Ike” and the “application” of its “sign regulations do not constitute
a taking of Allen’s personal property.” 
In regard to Allen’s declaratory judgment action, the City specifically
asserted that he could not rely upon it to avoid the need to exhaust
administrative and statutory remedies.   


In his response to the City’s summary-judgment motion, Allen asserted
that his claim for an unconstitutional taking of his property arises from “the
leasehold interest [he] maintains for the maintenance and operation of
billboards.”  He argued that the taking
of his property is in violation of article I, section 17 of the Texas
Constitution because it is “not possible for a city ordinance to regulate or
create any statute or administrative remedy which would deny a party their
constitutional claim.”  Allen asserted
that “a party does not have to exhaust administrative or statutory remedies
when the claim involves one of a constitutional issue or right” and there is
“nothing about the City municipal code that bars [his] right to bring a
regulatory takings claim.”  Allen further
asserted that the City’s “vague argument (in a footnote) that the takings claim
must fail as a matter of law” could not be considered as a properly pleaded
ground for summary judgment.[6]  

The trial court granted the City’s summary-judgment motion, ordering that
Allen “take nothing” against the City and that his “remaining claims” against
the City be “dismissed for want of subject matter jurisdiction.”  

Standard of Review

To prevail on a summary-judgment motion, a movant has the burden of
proving that he is entitled to judgment as a matter of law and there is no
genuine issue of material fact.  Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.3d 339, 341
(Tex. 1995).  When a defendant moves for
summary judgment, it must either (1) disprove at least one element of the
plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby defeating the plaintiff’s
cause of action.  Cathey, 900 S.W.2d at 341.  We may affirm a summary judgment only
when the record shows that a movant has disproved at least one element of each
of the plaintiff’s claims or has established all of the elements of an
affirmative defense as to each claim.  Am.
Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997); Farah, 927 S.W.2d at 670.  In
deciding whether there is a disputed material fact issue precluding summary
judgment, proof favorable to the non-movant is taken as true, and the court
must indulge every reasonable inference and resolve any doubts in favor of the
non-movant.  Randall’s Food Mkts.,
Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1994, writ
denied).  When a summary judgment does
not specify the grounds on which the trial court granted it, the reviewing
court will affirm the judgment if any theory included in the motion is
meritorious.  Harwell v. State Farm
Mut. Auto. Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995); Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex.
App.—Houston [1st Dist.] 1995, writ denied).

The absence of subject matter
jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a
motion for summary judgment.  Tex. Dep’t of Parks & Wildlife v.
Miranda,
133 S.W.3d 217, 225–26 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  In reviewing a challenge to a court’s subject
matter jurisdiction, the court may review the pleadings and any other evidence
relevant to the issue.  Id. at
554–55.  Because subject
matter jurisdiction presents a question of law, we review the trial court’s
decision de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998); Kalyanaram v. Univ. of Tex. Sys., 230 S.W.3d 921, 927 (Tex. 2007).   

Subject Matter
Jurisdiction

In his
first issue, Allen argues that the trial court erred in granting the City’s
summary-judgment motion on the ground that he had not exhausted administrative
remedies because he was “not required to exhaust administrative remedies.”  Allen (1) has
asserted a claim against the City for an unconstitutional taking of his
property and (2) he seeks a declaration that section 118-131(c)
of the City’s ordinance “means” that he “has the right to re-erect his signs if
the cost of repair of the signs is less than sixty (60%) percent of the cost of
erecting a new sign” and “he is in compliance with the ordinance and that the
City of Baytown must issue a permit to allow [him] to re-erect the signs.”  As noted by the City,  Allen did not timely
file a petition for review in a district
court to challenge the Sign Committee’s denial of his appeal.  

The City
responds that his failure to timely appeal the Sign Committee’s decision by
filing a petition for writ of certiorari constitutes a failure to exhaust
administrative remedies and therefore bars his claims.

Declaratory Judgment

Under the City’s
ordinances regulating billboard signs, the owner of a sign must obtain an
operating permit for each sign and the construction or placement of any new
off-premise billboard within the City is prohibited.  Baytown, Tex., Code of Ordinances, ch. 118,
art. III, Div. 4, subd. 4, § 118-358. 
Central to this dispute in this case is the following ordinance:

          When any sign or a substantial part of
a sign is destroyed, damaged, or taken down or removed for any purpose other
than maintenance operations or for changing the letters, symbols, or other
matter on such sign, it shall not be re-erected, reconstructed or rebuilt,
except in full conformance with this chapter. 
A sign or substantial part of it is considered to have been destroyed
only if the cost of repairing the sign is more than 60 percent of the cost of
erecting a new sign of the same type at the same location.  

 

Id.
§ 118-131(c).  It is also “unlawful for a
person to intentionally or knowingly erect, construct, build, reconstruct or
alter a sign without a prior written building permit.”  Id.
§ 118-127.  

The City’s ordinance
provides that the decisions of the
City’s sign administrator may be appealed to the City’s Sign Committee,
“provided the appealing party shall give notice of appeal in writing to the
city clerk no less than ten days following the decision appealed from.”  Id.
§ 118-64.  Moreover, a sign owner may
appeal the decisions of a municipal sign board to a state district court by
filing a verified petition for writ of certiorari within twenty days after the
date the decision is rendered by the board. 
Tex. Local Gov’t Code Ann.
§ 216.014 (Vernon 2009).

Here,
the City argues that the trial court did not err in granting its summary-
judgment motion “and dismissing Allen’s claims for lack of jurisdiction”
because he failed to file a timely petition for review” in a district court of
the Sign Committee’s denial of his appeal of the City’s denial of his permit
applications to reconstruct his signs.  See id. 
The City asserts that Allen’s
“attempt to mask his error by mischaracterizing his claim as a regulatory
taking claim that falls outside the legislative remedy of Chapter 216 [of the
Local Government Code] is without merit.” 


The
procedure for reviewing the legality of a municipal sign board’s decision
pursuant to section 216.014
is in all material respects identical to the procedure for reviewing the
decision of a zoning board of adjustment. 
See and compare Tex. Local Gov’t Code Ann. § 211.011
(Vernon 2000); J.B. Adver., Inc. v. Sign Bd. of Appeals of City of
Carrollton, 883 S.W.2d 443, 446 (Tex. App.—Eastland 1994, pet.
denied).  Thus, zoning board case law is
instructive in reviewing the decision of a sign board.  J.B.
Adver., Inc., 883 S.W.2d at 446.  

The
requirement that one timely file a petition for writ of certiorari to challenge
a zoning board decision is part of an administrative remedy,[7]
which is provided by the Texas Local Government Code and must be exhausted
before board decisions may be challenged in court.  See
City of San Antonio v. El Dorado Amusement
Co., 195 S.W.3d 238, 250 (Tex. App.—San Antonio 2006,
pet. denied).  Thus, a suit not brought in compliance with
such a pertinent statutory provision constitutes an impermissible collateral
attack on the board’s decision.  Id.
(dismissing appeal not brought by writ of certiorari
for lack of subject matter jurisdiction). 
When properly brought, the only question which may be raised by a
petition for writ of certiorari is the legality of the Board’s order.  See
Tex. Loc. Gov’t Code Ann. § 216.014; City of San Angelo
v. Boehme Bakery, 144 Tex. 281, 190
S.W.2d 67, 69 (1945) (construing prior statute); El Dorado Amusement
Co., 195 S.W.3d at 250; Bd. of Adjustment of
City of Piney Point Village v. Amelang, 737 S.W.2d 405, 406
(Tex. App.—Houston [14th Dist.] 1987, writ denied).  A petition for writ
of certiorari must be filed within ten days of the Board’s order.  El
Dorado, 195 S.W.3d at 250.

As noted by the City, it is true that Allen did not timely file a petition
in a district court to challenge the Sign Committee’s denial of his
appeal.  And he now seeks a declaration
that “he [was] in compliance with the [City’s] ordinance and . . .
[it] must issue [him] a permit to allow [him] to re-erect the signs.”  In Lamar Corporation v. City of Longview,
the Texarkana Court of Appeals held that a sign owner’s petition for
declaratory relief, rather than a petition for a writ of certiorari, was
“insufficient to confer jurisdiction on the district court.”  270 S.W.3d 609, 614 (Tex. App.—Texarkana 2008, pet.
denied)  The
court emphasized that “filing a petition for writ of certiorari is necessary in
order to exhaust administrative remedies and avoid the review from being
considered a collateral attack on the Board’s decision.”  Id.  Thus, the court concluded that the district
court did not have subject matter jurisdiction over the sign owner’s request
for declaratory relief.  Id. 


Accordingly,
we hold that the trial court did not have subject matter jurisdiction over
Allen’s declaratory judgment action, and we overrule this portion of his first
issue.  

Regulatory-Takings
Claim

In
regard to Allen’s regulatory-takings claims, we note that several appellate courts have expressly rejected the City’s
argument and held that a constitutional takings issue may be considered even
though other claims are dismissed for failure to exhaust administrative
remedies.  See Hitchcock v. Board of Trustees, 232 S.W.3d 208, 219 (Tex.
App.—Houston [1st Dist.] 2007, no pet.);
Lamar Corp., 270 S.W.3d at 614; Centeno
v. City of Alamo Heights, No. 04-00-00546-CV, 2001 WL 518911, at *3 (Tex.
App.—San Antonio May 16, 2001, no pet.). 


In Lamar, the court concluded that the
district court did not have jurisdiction to consider the sign owner’s
declaratory judgment request, but it did have jurisdiction to consider the
owner’s unconstitutional takings claim because one may obtain judicial review of
an administrative action if the decision adversely affects a vested property
right or otherwise violates a constitutional right.  Id.;
see also Tex. Dep’t of
Protective & Regulatory Servs. v. Mega Child Care, Inc.,
145 S.W.3d 170, 172 (Tex. 2004); Cont’l Cas. Ins. Co.
v. Functional Restoration Assocs., 19 S.W.3d 393, 404
(Tex. 2000); City of Amarillo v.
Hancock, 150 Tex. 231, 239 S.W.2d 788, 790–91 (1951).  When a
constitutional takings claim is brought, it can be considered even though other
claims are dismissed for the failure to exhaust administrative remedies.  Centeno, 2001
WL 518911, at *3; see also Hitchcock, 232 S.W.3d at 219.  The exhaustion of administrative remedies is
not necessary for a claim for the violation of a constitutional or federal
statutory right.  Dotson v. Grand Prairie Indep. Sch. Dist., 161 S.W.3d 289, 291-92
(Tex. App.—Dallas 2005, no pet.).

In
support of its contention that Allen failed to exhaust his administrative
remedies, the City relies on TCI West
End, Inc. v. City of Dallas, 274 S.W.3d 913 (Tex. App.—Dallas 2009, no
pet.).  In that case, however, the court addressed
whether a takings claim was “ripe,” not whether the landowner had failed to
exhaust his administrative remedies. 
Although questions of ripeness and exhaustion of administrative remedies often overlap, they involve
“distinct and separate inquiries.”[8]
 Garrett Operators, Inc. v. City of
Houston, No. 01-09-00946-CV,  2011 WL
1833558, at *3 (Tex. App.—Houston [1st Dist.] May 12, 2011, no pet.); Williamson Cnty. Regional Planning Comm’n v.
Hamilton Bank of Johnson City, 473 U.S. 172, 192, 105 S. Ct. 3108, 3119
(1985) (explaining that although policies behind the two concepts often
overlap, they are conceptually distinctive). 


Accordingly, we hold that the trial court could not have properly
granted the City’s plea to the jurisdiction in regard to Allen’s regulatory-takings
claim on the ground that he had failed to exhaust his administrative remedies.  

In its supplemental briefing, which it filed after
oral argument, the City contends that Allen’s
claim for an unconstitutional regulatory taking was not ripe.  Although the City did not present this separate
ground to the trial court, we must address its contention because a defect in subject matter jurisdiction
may be raised at any time by a party or by a reviewing court.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex.
1993).  Ripeness is a component of
subject matter jurisdiction and cannot be waived.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

Both
parties agree that in takings cases the issue of ripeness is governed by Mayhew, in which the Texas Supreme Court,
noting that we should look at federal authority to guide our review, held that
a takings claim is not ripe until the relevant governmental
unit has reached a final decision regarding the application of the regulation
to the landowner.  Id. (citing Suitum v. Tahoe
Reg’l Planning Comm’n Agency, 520 U.S. 725, 734, 117 S. Ct. 1659, 1665
(1997); Hamilton
Bank, 473 U.S. at 186, 194, 105 S. Ct. at
3120–21; see
also Garrett Operators, 2011 WL 1833558, at *3; Maguire Oil
Co. v. City of Houston, 243 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.]
2007, pet. denied).  For example, even if a property owner’s plan is initially disapproved
by a governmental entity, the final decision requirement mandates that the property
owner seek variances or waivers, when potentially available, unless it would be
futile to do so.  Williamson Cnty., 105 S. Ct. at 3117; Maguire Oil, 243 S.W.3d at 718. 

Allen first argues that his claim is ripe despite his untimely
appeal because he suffered a concrete injury when his permit request was denied.  In support of his argument, Allen relies upon
City of Houston v. Mack, 312 S.W.3d
855 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  However, Mack
is not applicable because there the plaintiff-landowner’s claim fell within the
futility exception to the rule requiring an application for a variance.  See id.
at 864.  Nevertheless, Allen asserts that
a timely appeal in the City’s administrative process was not necessary to make
the City’s determination final.  He notes
that no case law supports such a suggestion. 
The City argues that there is no final decision from the City in this
case because the merits of Allen’s request for a permit were never considered
by the Sign Committee, as he had not timely appealed the denial of his permit
request and the Sign Committee refused to hear his appeal.  Allen responds that the Sign Committee made a
final decision when it refused to grant his request for relief, “the regulation
was imposed,” and his property “was rendered valueless.”

As we noted in Garrett,
although “there is no single rule that controls all questions of finality, at
the very least, a decision by an agency is final if it is (1) definitive; (2)
promulgated in a formal manner; and (3) one with which the agency expects
compliance.”  Id. at *3.  Otherwise,
“[a]dministrative orders are generally final and appealable if ‘they impose an
obligation, deny a right or fix some legal relationship as a consummation of
the administrative process.”  Id. 
Here, Allen’s
application for a permit was, in fact, denied, and because his appeal to the
Sign Committee was refused as untimely, the City’s action is for all
practicable purposes definitive and final. 
Obviously, the City expects Allen to comply with its decision and not
replace his signs. 

Accordingly, we hold that
the trial court had subject matter jurisdiction over Allen’s regulatory takings
claim against the City, and we sustain this portion of his first issue.      

Regulatory-Takings
Claim

In his second issue,
Allen argues that the trial court erred in granting
the City’s summary-judgment motion on the ground that he had not asserted a
valid regulatory takings claim because the City “provided no evidence to
support its footnote summary judgment argument that Allen could not prove a
takings claim” and the regulations enforced “rendered the value of his property
worthless.”  

Allen first emphasizes
that the “only summary-judgment argument made with respect to the underlying
merits of the regulatory takings claim appeared in a footnote” of the City’s
summary-judgment motion.  He argues that
the City’s argument should not have been considered by the trial court “because
it d[id] not allege with any specificity the ground for which the summary
judgment [was] being argued.”  A
summary-judgment motion must “state the specific grounds therefor.”  Tex.
R. Civ. P. 166a (c).  The motion
must itself expressly present the grounds upon which it is made.  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); see also Roberts v. Southwest Tex. Medical
Hosp., 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied)
(“Grounds may be stated concisely, without detail and argument.  But they must at least be listed in the motion.”).  Here, the City included in a footnote in its
summary-judgment motion, the following argument:

Alternatively,
even if Allen’s complaint of an unconstitutional taking is not barred by his
failure to exhaust statutory remedies, it is barred as a matter of law.  Defendants have taken nothing from Allen; his
property was taken by Hurricane Ike. 
Moreover, application of the City’s sign regulations do not constitute a
taking of Allen’s personal property.  

 

Albeit very weakly
presented, the City did argue, concisely, that, in the alternative, Allen’s
regulatory takings claim was barred as a matter of law because Hurricane Ike
took his property, not the City.  It thus
presented to the trial court this ground for summary judgment.

          In regard to the merits of the City’s argument, Allen
responds that the City “essentially. . . argued a plea to the
jurisdiction because it simply argued . . . that his pleadings failed to state
a jurisdictional claim,” but he, in fact, alleges “a constitutional violation,
which confer[ed] subject matter jurisdiction on the trial court.”  He further asserts that the City presented
“no evidence to support a summary judgment” in its favor on Allen’s regulatory
takings claim.

The Texas Constitution expressly prohibits the State from taking one’s
property under its sovereign powers without consent or adequate
compensation.  Tex. Const. art. I, § 17. 
A property interest must find its origin in some
aspect of state law.  Spring
Branch I.S.D. v. Stamos,
695 S.W.2d 556, 561 (Tex. 1985); see also Bishop v. Wood,
426 U.S. 341, 344-46, 96 S. Ct. 2074, 2077–78 (1976) (holding that state law determines which state-created interests
constitute property).  To raise a valid regulatory takings claim, a plaintiff must
establish that a regulation has either (1) destroyed all economically viable
use of his property or (2) unreasonably interfered with the use and enjoyment
of his property.  Sheffield Dev. Co.
v. City of Glenn Heights,
140 S.W.3d 660, 671 (Tex. 2004); Taub v. City of Deer Park, 882 S.W.2d 824, 826 (Tex. 1994); TCI
W. End, Inc. v. City of Dallas, 274 S.W.3d 913, 917 (Tex. App.—Dallas 2008,
pet. denied).  A plaintiff must also
establish that he has an ownership interest in the property.  See
Sheffield, 140 S.W.3d at 671.  

As the party moving for summary judgment, the City had to
establish its right to judgment as a matter of law, and, only after having done
so would the burden shift to Allen, as the non-movant, to raise a material fact
issue sufficient to defeat summary judgment. 
Castillo v. Westwood Furniture, Inc., 25 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied).  

In its summary-judgment motion, the City made two
assertions: (1) it did not take Allen’s property, rather Hurricane Ike took his
property, and (2) the application of the City’s regulations did not constitute
a taking of Allen’s property.  Whether the
facts presented constitute a taking is a question of law, but the extent of
intrusion by a government entity may be a question for the trier of fact.  See
Sheffield Dev. Co., 140 S.W.3d at 673; Mayhew,
964 S.W.2d at 932–33.  In support of its
argument that the application of its regulations did not constitute a taking of
Allen’s property, the City attached to its motion, as evidence, a copy of the
City’s regulations, affidavits from Sherman and Kevin Byal, the City’s chief
building official, copies of the denied permit applications, and photographs of
the damaged signs.  

In their affidavits, Sherman and Byal asserted that
Hurricane Ike destroyed Allen’s signs and his permit applications were denied
because the City’s regulations prohibit the issuance of permits for the
construction of new signs.  Thus, the
only pertinent evidence presented by the City in support of its
summary-judgment motion failed to establish as a matter of law that the
application of the regulations did not constitute a taking of Allen’s
property.  It is true that the City’s
actions did not cause the physical damage to Allen’s signs; however, the City’s
regulations did prohibit Allen from repairing or re-erecting the signs,
regardless of how they were damaged.  The
City cited no legal authority and made no argument at the summary judgment
stage to show that a regulatory taking did not occur.  Although the City vaguely asserted that the
application of its regulations did not constitute a taking of Allen’s property,
such legal conclusions, unsupported by facts, will not support a summary
judgment.  Anderson v. Snider, 909 S.W.2d 54, 55 (Tex. 1991); McIntyre v. Ramirez, 109 S.W.3d 741,
749–50 (Tex. 2003) (conclusory statements not supported by facts are not proper
summary judgment proof).  Accordingly, we
hold that the City failed to establish as a matter of law that no regulatory
taking of Allen’s property occurred.  

We sustain Allen’s second issue.  

Conclusion

We affirm the portion of the trial court’s judgment dismissing Allen’s
declaratory judgment action.  We reverse
the portion of the trial court’s judgment concerning Allen’s claim for an
unconstitutional taking of his property, and we remand this claim to the trial
court for further proceedings.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and
Brown.

 

 

 











[1]
          Allen appeals only the judgment
of the trial court in regard to the City and not any other defendant that he
sued below.  

 





[2]           See
Tex. Const. art. I, § 17. 

 





[3]
          See Baytown, Tex., Code of Ordinances, ch. 118, art. III, Div.
4, subd. 4, § 118-131(c).

 





[4]
          See id. § 118-64.





[5]           See Tex.
Local Gov’t Code Ann. § 216.014
(Vernon 2009).  





[6]           See
Tex. R. Civ. P. 166a(c). 





[7]           “Certiorari is a procedural mechanism
by which a reviewing court can ‘demand of an inferior court or body that it
send up the record of the proceedings in the matter under review in order that
the legality thereof might be tested to determine whether the lower court or
body had acted within its proper jurisdiction.’”  Teague v. City of Jacksboro, 190 S.W.3d
813, 818 (Tex. App.—Fort Worth 2006, pet. denied) (quoting City of San
Angelo v. Boehme Bakery,
144 Tex. 281, 190 S.W.2d 67, 69 (1945)). 
“The writ of certiorari is the method by which the court conducts its
review; its purpose is to require [the city] to forward to the court the record
of the particular . . . decision being challenged.”  Id. (quoting
Davis v. Zoning Bd. of Adjustment of La Porte, 865 S.W.2d 941, 942 (Tex. 1993)).  

 





[8]           “The requirement of a final decision, in
context of an inverse condemnation case, concerns whether the governmental
entity charged with implementing the regulation that allegedly caused the
taking has fixed some legal relationship between the parties.  In contrast, exhaustion of administrative
remedies concerns whether an agency has exclusive jurisdiction in making an
initial determination on the matter in question and whether the plaintiff has
exhausted all required administrative remedies before filing a claim in the
trial court.”  Garrett Operators, Inc.
v. City of Houston, 01-09-00946-CV, 2011 WL 1833558, at *3 (Tex.
App.—Houston [1st Dist.] May 12, 2011, no pet.) (internal citations
omitted).